## Newman v. Black Mountain Corp. et al.

February 20, 1951.

James S. Forester, Judge.

Doyle & Doyle for appellant.

Sampson & Sampson and James Sampson for appellees.

CHIEF JUSTICE CAMMACK—Affirming.

Mrs. Mary E. Newman is appealing from a judgment affirming an order of the Workmen's Compensation Board denying her compensation for the death of her husband, I. A. Newman. For reversal it is contended

that the Board failed to resolve all doubts in favor of Mrs. Newman and that its finding of fact is not supported by the evidence.

Mr. Newman died on June 14, 1947, at the age of 85. Dr. S. L. Andelman, who filed the death certificate, stated that his death was due to "myocarditis, arteriosclerosis, Parkinson's disease and senility." The decedent worked in the blacksmith's shop at the mine of the appellee, Black Mountain Coal Corporation. On December 26, 1946, he was injured when a mine car jumped its track and ran into him at a low speed. As the car hit him on the legs, he fell back into it, with his legs hanging over the end. After the car hit him it traveled about three feet. The car was only 14 inches deep and he did not strike his head in falling because he "sat back bowed up * * *." First aid was applied to a skinned place on Mr. Newman's leg or ankle, and he worked out the shift, but was unable to work thereafter.

Dr. Robert S. Howard treated Mr. Newman and found a swelling and limitation of motion of the left ankle. He did not complain of any back injury at that time. Dr. Howard said it was possible for this injury to have caused Mr. Newman's death, but that he had no knowledge of the cause of death.

Dr. Phillip J. Begley examined Mr. Newman on January 24, 1947, when the decedent requested authorization to return to work. At that time he found no swelling or evidence of injury, except the history given by Mr. Newman. An X-ray taken at the time of the injury showed no fracture or discoloration of the ankle joint but did show some swelling around that joint. Dr. Begley reported Mr. Newman able to work as follows: "Patient now able to resume usual light duties. He is a bad risk for employment due to his age." Mr. Newman returned to work, but fell down and felt too weak to get up. He complained of having weak and dizzy spells. Dr. Begley made a general physical examination of him on January 28, 1947, and a later examination on February 7, 1947. Mr. Newman's blood pressure was 140 over 80. He complained of general weakness and nervousness. In both examinations he showed the characteristic findings of Parkinson's disease, consisting of tremor and nervousness. Dr. Begley described Parkinson's disease as a condition usually going with old age, consist-

ing of a tremor of the hands and of the head and usually a general weakness. He said it was caused primarily by arteriosclerois, resulting in degenerative changes in the brain. He said also the condition is purely a general one and has no connection with trauma, though trauma might precipitate symptoms from this existing condition. He stated that, in his opinion, the decedent's injury had nothing to do with his death. The appellant had theorized that an embolism from the injury could have caused Mr. Newman's death, but Dr. Begley said there were no symptoms of embolism in this case.

Dr. S. L. Andelman discussed the nature and effects of Parkinson's disease and concluded that it is not caused by trauma.

Dr. W. K. Howard, testifying for the appellant, stated that he saw Mr. Newman in November, before the injury, and took his blood pressure, and he saw no outward evidence of Parkinson's disease at that time. He did not examine Mr. Newman's reflexes. He said the fact that Mr. Newman was able to carry on his regular work at the mines would indicate that he was in good health. Mrs. Newman testified that, after the injury, the decedent's left leg was swollen and he complained of his back.

Other witnesses for the appellant testified that symptoms of tremor and nervousness did not appear before the injury and that the swelling was present in Mr. Newman's leg until his death. The appellees' witnesses gave testimony to the effect that Mr. Newman had shown shakiness and nervousness and had complained of his head being "too big and that he pitched on his head."

The referee found that Mr. Newman's death was caused by his injuries of December 26, 1946. The full Board found that Mr. Newman's death did not result from those injuries. From the recitals above it is apparent that there was ample evidence to support the finding of the Board. Tackett v. Eastern Coal Corporation, 295 Ky. 422, 174 S.W.2d 707.

Judgment affirmed.